Mr. Ray L. Goad Executive Director Commission on Fire Protection Personnel Standards and Education 9800 N. Lamar Blvd. Austin, Texas 78753
Re: Whether volunteer fire department personnel are subject to requirements established under Government Code chapter 416 by the Commission on Fire Protection Personnel Standards and Education, and related questions (RQ-2076)
Dear Mr. Goad:
You ask:
 Are volunteer fire departments, which receive compensation for their services through a contract to provide fire protection services for a governmental body, that also has a paid fire department, required to train their personnel to meet minimum training standards promulgated by [the Commission on Fire Protection Personnel Standards and Education]?
Chapter 416 of the Government Code provides generally for the authority of the Commission on Fire Protection Personnel Standards and Education [the "commission"]. Section 416.031 provides that a "fire department" may not employ a person, except on a temporary or probationary basis, unless he has completed a commission-approved training course and met other requirements established by the commission. Section 416.007(8) of the Government Code empowers the commission to
 establish minimum educational, training, physical, mental, and moral standards for admission to employment as fire protection personnel in a permanent, temporary, or probationary status and for advanced or specialized fire protection personnel positions. (Emphasis added.)
See also id. §§ 416.022 (commission may establish training requirements for "fire protection personnel or recruits"), 416.031(b) (commission may establish training and other standards for "fire protection personnel").
Section 416.001(4), in subparts (A), (B), and (C), defines "fire protection personnel," for purposes of chapter 416, to include, respectively, "fire and arson investigators," "aircraft crash and rescue fire protection personnel," and certain employees of local fire departments. We assume that the personnel you are concerned about are not fire and arson investigators or aircraft crash and rescue personnel. Subpart (C) provides that fire department employees are included within the definition of the term "fire protection personnel" if they are permanent, fully paid, full-time fire department employees who are not secretaries, stenographers, clerks, budget analysts, or similar support staff persons or other administrative employees and who are assigned duties in one or more of the following categories:
(i) fire suppression;
(ii) fire inspection;
(iii) fire and arson investigation;
(iv) marine fire fighting;
(v) aircraft crash fire fighting and rescue;
(vi) fire training;
(vii) fire education;
(viii) fire administration; and
 (ix) any other position necessarily or customarily related to fire prevention and suppression. (Emphasis added.)
 "Fire department" is defined in subsection (3) as a department of a local government with permanent, fully paid, full-time employees organized to prevent or suppress fires. (Emphasis added.)
We find no statutory authorization for the establishment of volunteer fire departments as "departments of local government" within the meaning of the section 416.001(3) definition of fire departments. Assuming the volunteer fire departments you are concerned about are not "departments of local government," they would not be "fire departments" for purposes of the provisions of chapter 416. Thus, their personnel would not, by reason of their volunteer fire department employment, fall within the ambit of section 416.031, requiring appointees of "fire departments" to meet training and other requirements established by the commission. Nor would they fall within the definition of "fire protection personnel" in section 416.001(4)(C) since they are not "fire department employees" within the meaning of that provision. They would thus not be subject to commission training standards for "fire protection personnel," promulgated under sections 416.007(8), 416.022, and 416.031(b). Compare Attorney General Opinion JM-1209 (1990), at 6 n. 3 (no provision for establishment of volunteer fire departments as political subdivisions). But see Attorney General Opinion JM-821 (1987) (volunteer fire department may be "governmental body" for purposes of Open Records Act, V.T.C.S. art. 6252-17a).
We find no provision in chapter 416 or elsewhere in state law which subjects employees of volunteer fire departments — where the latter are not "departments of local government" — to the training requirements for "fire protection personnel" established by the commission under chapter 416.
You also ask:
 Do personnel who receive pay from a fire department (paid or volunteer), which may or may not be assigned fire fighting duties and who are employed to drive fire trucks to fire scenes, have to meet minimum standards of fire protection personnel?
 It follows from our response to your first question that personnel of a volunteer fire department, where the latter is not a "department of local government," would not be subject under section 416.031 to the training or other requirements established by the commission for "appointees" of "firedepartments," since, again, volunteer fire department personnel are not appointed by "fire departments" as the term is defined in section 416.001(3). Nor would they be subject to the training and other standards for "fire protection personnel" established by the commission under sections 416.007(8), 416.022, and 416.031(b), since, not being "fire department employees," they are not "fire protection personnel" within the definition of that term in section 416.001 (4)(C).
If the fire department employing the persons you ask about is a "fire department" within the definition of the term in section 416.001(3) — i.e., a department of local government, etc. — those persons would, unless employed on a temporary or probationary basis, be subject to the provisions of section 416.031(a) requiring that "fire department" appointees meet commission requirements. Also, where such persons are full-time, fully paid, and "may . . . be assigned fire-fighting duties" in the course of their employment, we think they would fall under the definition of "fire protection personnel" in section 416.001(4)(C) so as to make them subject to the requirements for "fire protection personnel" established by the commission under sections 416.007(8), 416.022, and 416.031(b). See Attorney General Opinion H-141 (1973) (employees of fire departments who "may" be assigned fire-fighting duties are subject to the training requirements of the commission).
We acknowledge that to the extent that cities or other units of local government may contract for fire protection services rather than provide them directly, see, e.g., Local Gov't Code §352.001(c) (county commissioners courts may contract with "incorporated" volunteer fire departments for fire protection in county territory outside municipalities), the results we reach here, based on the applicable provisions of law, would permit local governments to obtain the services of firefighters from non-governmental entities without those firefighters being subject to the commission requirements which would generally apply to them if they were employed directly by the local governments' fire departments. Whether, as a policy matter, this situation needs to be addressed is, of course, for the legislature and not this office to decide.
 SUMMARY
Personnel of a volunteer fire department, where the latter is not a department of local government, are not subject to the requirements of training established by the Commission on Fire Protection Personnel Standards and Education under chapter 416 of the Government Code. A permanent, full-time, fully paid employee of a fire department which is a department of local government is subject to commission requirements under chapter 416 if the employee may be assigned firefighting duties in the course of his employment.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General